### Horace T. Hildreth *vs.* James O'Brien.

A bill of parcels of goods, acknowledging the receipt of payment by note, is not conclusive evidence of the contract; but parol evidence is competent to show that the sale was conditional, and that the title was to remain in the vendor until a note signed by responsible persons should be furnished to him.

Replevin of a horse. The answer denied the plaintiff's ownership.

At the trial in the superior court, it appeared that the plaintiff delivered to the defendant a horse, with a written bill of sale as follows: " Natick, April 4, 1863. Sold to James O'Brien one chestnut stud colt for $145. Rec'd payment by note on three months, payable at Hopkinton Bank. H. T. Hildreth." The plaintiff then introduced evidence, under objection, tending to show that the sale and delivery were conditional, with an express stipulation that the horse was not to become the defendant's property until he should deliver to the plaintiff in payment a promissory note which would be discounted at the Hopkinton Bank without the plaintiff's indorsement; and that the defendant never delivered such a note.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*C. R. Train*, for the defendant.

*J. W. Bacon*, for the plaintiff.

Hoar, J. This case falls exactly within the decision in *Hazard* v. *Loring*, 10 Cush. 267. The evidence offered did not contradict the writing in any particular except the receipt. Every sale, not upon credit, is conditional upon the receipt of the consideration agreed. Everything which the written bill imports was true, except that the note received in payment was not such a note as the defendant had agreed to give. He had bought the horse for the price named, but had not paid for him according to his contract. A receipt is always open to explanation. It is not a contract, but merely evidence of the performance of a contract. *Exceptions overruled.*